UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JOSEPH LOUIS, # 04R-2840,

                        Plaintiff,

                                **Report andRecommendation**
       -against-                          CV 10-3469 (SJF)(ARL)

SHERIFF EDWARD REILLY, SUPERINTENDENT
OF NASSAU COUNTY JAIL,

                        Defendant.
-------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

Before the court, on referral from District Judge Feuerstein, is incarcerated *pro se* plaintiff's motion for leave to file an amended complaint pursuant to Fed. R. Civ P. 15(a)(2). For the reasons set forth below, the undersigned recommends that the plaintiff's motion be denied as moot, and the plaintiff's amended complaint be *sua sponte* dismissed.

**(1)**      **Motion to Amend**

The plaintiff, Joseph Louis, commenced this action on July 19, 2010 in the United States District Court for the Southern District of New York against the defendant, Sheriff Edward Reilly, Superintendent of Nassau County Jail pursuant to 42 U.S.C. § 1983 ("Section 1983") and filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The case and application to proceed *in forma pauperis* was thereafter transferred to the United States District Court for the Eastern District of New York. By order dated December 21, 2010, the district court granted plaintiff's application to proceed *in forma pauperis*, but *sua sponte* dismissed the complaint without prejudice and with leave to file an amended complaint within thirty days. In compliance with the district court's order, the plaintiff has filed an amended complaint, and therefore leave to file the amended complaint is not required. Accordingly, the court recommends that the

plaintiff's motion for leave to amend the complaint be denied as moot.

**(2)     The Amended Complaint**

Because the plaintiff has been given permission to proceed *in forma pauperis,* the court has a responsibility to review the amended complaint and determine whether the action may properly be maintained.  *See* 28 U.S.C. § 1915(e)(2)(B).  The 1996 Prison Litigation Reform Act requires a district court to dismiss a complaint filed *in forma pauperis* "at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The court is required to dismiss the action as soon as it makes such a determination.  *See id.*  While the court must "read *pro se* complaints with special solicitude and interpret them to raise the strongest arguments that they suggest," *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474-76 (2d Cir. 2006) (internal quotation marks and citation omitted), even a *pro se* plaintiff's complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  If a liberal reading of the complaint "gives any indication that a valid claim might be stated," courts must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).  However, the Second Circuit instructs that "while we have 'repeatedly cautioned against *sua sponte* dismissals of *pro se* . . .  complaints prior to requiring the defendants to answer,' *Salahuddin v. Cuomo*, 861 F.2d 40, 43 (2d Cir. 1988), it is well settled that 'where leave to amend has previously been given and the successive pleadings remain . . . unintelligible . . . or where the substance of the claim pleaded is frivolous on its face,' <u>id.</u> at 42, § 1915(e) permits a district court to dismiss the complaint *sua sponte*." *O'Neil v. Ponzi*, 394 F. App'x. 795 (2d Cir. 2010).

Applying these principles, the undersigned finds that even as amended, plaintiff's pleading remains unintelligible and fails to state a claim to relief that is plausible on its face. The amended pleading reveals the following. Plaintiff filed the amended complaint against defendant Sheriff Edward Reilly, the superintendent of Nassau County Jail, pursuant to Section 1983 alleging that his Eighth Amendment rights were violated during his incarceration at the Nassau County Correctional Center in that he was deprived of adequate medical care and that his pain and injuries were met with deliberate indifference. In the amended complaint, plaintiff alleges that on January 27, 2010, he was arrested and taken into custody by the Nassau County Police Department. Upon initial medical intake, plaintiff states that "it was known that plaintiff had an injury of the right wrist (broken) . . . his right hand was wrapped, . . . he was given aspirins and sent to the jail's medical unit for close observation." (Amended Compl., ¶ 2.) He alleges that on February 28, 2010, he injured the left side of his body, and officer Ms. Hutchingson of the medical unit provided plaintiff with little help to the nurses station where he was given pain pills and sent back to his unit. (*Id*. at ¶ 3.) Plaintiff avers that on March 1, 2010, two days prior to filing a grievance for no mats in the shower and for lack of adequate medical attention, he was interviewed by the jail's grievance representative, coerced to sign off on the grievance with a promise that he would be taken to the hospital for x-rays, and moved to general population the next day. (*Id.* at ¶ 4.) In late March 2010, after continuous complaints of pain from his upper back and left side of his body, plaintiff was taken for x-rays. (*Id.*) Despite numerous complaints of pain of the left side of his body, plaintiff alleges that he was taken to Nassau University Medical Center on April 20, 2010 for surgery on his right wrist and was told he would be going for physical therapy. (*Id.* at ¶ 5.) In May 2010, plaintiff was transferred to Downstate Correction Facility. (*Id.*) Plaintiff further

3

alleges that on January 10, 2011, he was taken for physical therapy, and still endures pain from the February 28, 2010 injury at Nassau County Jail. Plaintiff seeks $100,000 in compensatory damages "for the pain and suffering he experices [sic] to this date." (*Id.* at ¶ 10.)

Plaintiff's amended complaint is brought pursuant to Section 1983 which provides, in relevant part, that:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States. . .to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983 (2000). To state a claim under Section 1983, a plaintiff must "allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." *Rae v. County of Suffolk*, 693 F. Supp. 2d 217, 2010 WL 768720, at *4 (E.D.N.Y. 2010) (quoting *Snider v. Dylag*, 188 F.3d 51, 53 (2d Cir. 1999). Section 1983 does not create a substantive right; rather, to recover, a plaintiff must establish the deprivation of a separate, federal right. *See Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999). Here, the plaintiff again attempts to allege an Eighth Amendment inadequate medical care and deliberate indifference claim against defendant Reilly.

Although difficult to discern, it appears that plaintiff's claim against defendant Reilly arises solely from his supervisory position. The amended complaint is wholly devoid of any allegations of conduct attributable to defendant Reilly. As the district court fully explained in its order dated December 21, 2010, in order to state a claim for relief under Section 1983, plaintiff must allege the personal involvement of a defendant in the purported constitutional deprivation.

*Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010). "Personal involvement" may be established by evidence of direct participation by the defendant in the challenged conduct, or by evidence of supervisory official's "(1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." *Hayut v. State Univ. of New York*, 352 F.3d 733, 753 (2d Cir. 2003); *see also Rolon v. Ward*, 345 Fed. Appx. 608, 611 (2d Cir. Sept. 4, 2009) (summary order). "An individual cannot be held liable for damages under Section 1983 merely because he held a high position of authority." *Back v. Hastings on Hudson Union Free School Dist.*, 365 F.3d 107, 127 (2d Cir. 2004) (internal quotation marks and citation omitted). A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law. *See Johnson v. Barney*, 360 Fed. Appx. 199, 2010 WL 93110, at *1 (2d Cir. Jan. 12, 2010); *see also Scott v. Fischer*, 616 F.3d 100, 110 (2d Cir. 2010). Inasmuch as plaintiff has not plead facts that, if proven, could establish that defendant was aware of or participated in the alleged constitutional violations, the amended complaint fails to state a cause of action under Section 1983 as a matter of law.[1] Accordingly, the undersigned recommends that the amended complaint

---

[1]The undersigned also notes that apart from stating in conclusory fashion that the Nassau County Jail showed deliberate indifference after his April 20, 2010 surgery of his right hand and prior February 28, 2010 injury of the upper back and left side of his body when he was taken out of the medical unit and placed in general population and deprived him of meaningful medical treatment, plaintiff's claims of inadequate medical care and deliberate indifference are essentially the same allegations he made in his original complaint. The district court previously instructed plaintiff on the applicable law with respect to these claims, detailed the deficiencies of his pleading, and granted plaintiff leave to amend his complaint to replead his Section 1983 claim in order to cure the deficiencies set forth therein. *See Order*, dated December 21, 2010.

be *sua sponte* dismissed. Because plaintiff was already afforded the opportunity to cure his defective pleading, ignored the guidance provided by the district court's earlier order in this regard and repeated the same insufficient allegations, the undersigned further recommends that the court decline to afford plaintiff a second opportunity to amend his Eighth Amendment claim and dismiss the amended complaint with prejudice.

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).


Dated: Central Islip, New York
       May 31, 2011

                                                      /s/
                                      ARLENE R. LINDSAY
                                      United States Magistrate Judge